OSVALDO FIGUEROA, on behalf of himself  )
and all others similarly situated,        )
                                          )
      *Plaintiff*,                        )
                                          )     Case No.: 5:20-cv-00585
      v.                                  )
                                          )
BUTTERBALL, LLC,                          )
                                          )
      *Defendant*.                        )
                                          )

## JOINT RULE 26(f) REPORT

**Date Complaint Filed**:  November 4, 2020

**Date Complaint Served**:  November 11, 2020

**Date of Defendant's Answer to Plaintiff's Second Amended Complaint:** October 13, 2022

1.      Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a telephonic meeting was held on November 10, 2022, by telephone and was attended by Gilda A. Hernandez and Charlotte Smith for Plaintiff, and Scott D. Anderson for Defendant.

2.      The parties believe that in the interest of fairness, efficiency, and judicial economy, and to further facilitate the possibility of settlement, a bifurcated discovery schedule would most benefit the Court and the parties. As such, the parties propose that discovery in this case be bifurcated as follows:

3.      **Discovery Plan.**  The parties propose to the Court the following discovery plan:

**A.** **Initial Disclosures**: The parties agree to exchange initial disclosures as required by Rule 26(a)(1) within thirty (30) days after the Court enters a Case Management Order ("CMO") in this matter.

**B. Discovery Phase I:**

- The Parties have agreed in principle to conditional certification pursuant to the FLSA. The Parties continue to confer regarding the group of individuals subject to conditional certification, and the contents of a notice to be mailed to putative plaintiffs advising them of the opportunity to opt into the action;

- The parties propose that discovery be completed within one-hundred and twenty (120) days from the date the notification period for putative plaintiffs to opt-in would end. The Parties currently anticipate the notice period will end before March 31, 2023;

During and after the notice period, the Parties will engage in Phase I discovery, including, but not limited to the following topics:

- Defendant's time-keeping practices;

- Defendant's pay practices;

- The steps taken, if any, to ensure that Plaintiff and any opt-in plaintiffs received all sums due and owing under the Fair Labor Standards Act;

- Whether Defendant acted in good faith;

- Defendant's willfulness or lack thereof;

- Hours worked by Plaintiff and any opt-in plaintiffs;

2

- Dates of employment worked by Plaintiff any opt-in plaintiffs;

- The nature of Plaintiff's and any opt-in plaintiffs job duties and work activities;

- Any defenses raised by Defendant in its Answer to the Second Amended Complaint and any other defenses that may become applicable during discovery; and

- All facts that may affect the claims of Plaintiff or any opt-in plaintiff or Defendant's defenses.

C. **Written Discovery:**  As it relates to written discovery, the Parties propose the following:

- During Phase I, there shall be a maximum of fifteen (15) interrogatories by any party to any other party, except as consented to by the parties.  Responses will be due thirty (30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including interrogatories.

- During Phase I, there shall be a maximum of fifteen (15) requests for production of documents by any party to any other party, except as otherwise consented to by the parties.  Responses will be due thirty (30) days after service, except as otherwise consented to by the parties.  Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including requests for production of documents.

3

- During Phase I, there shall be a maximum of fifteen (15) requests for admission by any party to any other party, except as otherwise consented to by the parties. Responses will be due thirty (30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including requests for admission.

- For purposes of counting written discovery requests, Plaintiff and all opt-in plaintiffs will be collectively considered as a single "party." The written requests contemplated may call for answers or productions related to "each plaintiff or opt-in plaintiff," and the parties will separately answer the request for each plaintiff or opt-in plaintiff as may be appropriate without the request counting as multiple interrogatories, requests for production, or requests for admission.

- During Phase I, there shall be a maximum of seven (7) depositions by Plaintiff. Defendant may take depositions of Plaintiff, all opt-in plaintiffs, and three (3) additional persons. To the extent the number of opt-in Plaintiffs exceeds fifty (50), Defendant may take the depositions of 15 opt-in plaintiffs, or 20% for a representative sampling of the collective, whichever is greater. Additional depositions may be taken with the parties' mutual consent.

- The parties will abide by the Rules of Practice and Procedure of the United States District Court for the Eastern District of North Carolina and the Federal Rules of Civil Procedure relating to the length of depositions.

4

- *Preliminary Deposition Schedule.* The Parties agree that depositions, other than expert depositions, may begin taking place within thirty (30) days after both Parties' production/responses to written discovery. To the extent possible, the Parties agree depositions will be in-person with all appropriate safeguards, but in accordance with recommended COVID-19 guidelines at the relevant time, agree to take them remotely as-needed.

D. **Electronically Stored Information:** The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information and report to the Court the following:

a. Relevant information: At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, but have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

i. Timekeeping records, Payroll records and policies including, but not limited to, hours worked, rates of pay, handbook and other written policies, stored by Defendant during the time of Plaintiff's and any opt-in plaintiffs' employment with Defendant;

ii. Electronic mail (including all electronic attachments) sent to and/or from the parties and/or decision-makers or employees of Defendant using Defendant's email relevant to implementation of the pay policies at issue;

5

iii. Electronically stored information such as text messages, photos, video surveillance cameras, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof), as may exist in forms or on topics appropriate for discovery in this case; and

iv. Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes.

b) Form of Production/Preservation: The parties agree that all discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business, or, if not reasonably useful in that form, in such other form as is reasonably useful. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified but the parties agree that Defendant will not be required to deviate from its normal records retention policies and other legal obligations with respect to electronically stored information or other records which have not been previously identified by the parties as relevant to this action.

c) Supplementations under Rule 26(e) are due within thirty (30) days after a party discovers new information that must be disclosed in order to supplement or correct a prior disclosure or a prior response to a request for a discovery, provided, however, that during the final thirty (30) days of discovery, supplementations will occur as soon as practicable so as not to prejudice either party.

6

**E.** **Discovery Phase II:**

- After both Phase I discovery and mediation are complete, the parties will meet and confer regarding a Phase II discovery plan. The exact contents of that plan will depend on, among other factors, the number of opt-in plaintiffs.

- Disclosure of retained experts and reports from said experts under Rule 26(a)(2) shall be due in accordance with the parties' Phase II discovery plan.

**F.** **Mediation**: The parties are exploring the possibility of conducting mediation following the notice period pursuant to the FLSA, the exact date to be set by the mediator after consultation with the parties. If the parties are unable to conduct mediation following the notice period, the Parties will mediate no later than 60 days before trial, The parties agree that the mediator shall be Ken Carlson.

**G.** **Other items.**

- The deadline to request leave to join additional parties or amend pleadings shall be extended to 30 days from the date the notice period expires. The parties reserve the right to move to amend their pleadings thereafter if new facts or circumstances are discovered that warrant such amendment;

- After this date, the Court will consider, *inter alia*, whether the granting of leave would delay trial;

- The parties do not request a conference with the Court prior to the entry of the Scheduling Order, but do request to meet with the Court regarding a proposed discovery control plan/scheduling order within forty-five (45) days following the close of the opt-in or notice period;

- All potentially dispositive motions shall be filed within forty-five (45) days following the close of Phase II discovery;

- Settlement is a possibility and will be explored after the notice period expires; or, in the alternative, the parties are open to reconsidering the desirability of attempting to settle this case no later than sixty (60) days before trial;

- Parties will submit Rule 26(a)(1) disclosures within thirty (30) days from the day the Court enters its Case Management Order;

- Parties will submit Rule 26(a)(3) disclosures as required by that rule and, in any event, no later than thirty (30) days prior to trial;

- Parties agree to file objections under Rule 26(a)(3)(B) within fourteen (14) days after service of the disclosure to which the objection is made;

- The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master, and parties do not agree or consent to the appointment of a master or referral to a magistrate judge; and

- Pending disposition of the FLSA certification issues, the parties cannot predict an approximate length of trial. A jury trial has been demanded.

The parties have no other matters to present at this time.

8

Respectfully submitted, this November 22, 2022

BY: */s/ Gilda A. Hernandez*    */s/ Scott D. Anderson*

Gilda A. Hernandez (NCSB No. 36812) Theresa M. Sprain (NCSB No. 24540)
Charlotte Smith (NCSB No. 53616) Scott D. Anderson (NCSB No. 49044)
**THE LAW OFFICES OF GILDA A.** **WOMBLE BOND DICKINSON (US)**
**HERNANDEZ, PLLC** **LLP**
1020 Southhill Drive, Ste. 130 555 Fayetteville Street, Suite 1100
Cary, NC 27513 Raleigh, North Carolina 27601
Tel: (919) 741-8693 Phone: 919-755-2104
Fax: (919) 869-1853 Facsimile: 919-755-6785
ghernandez@gildahernandezlaw.com Theresa.Sprain@wbd-us.com
csmith@gildahernandezlaw.com Scott.d.anderson@wbd-us.com

*Attorneys for Plaintiff*    *Attorneys for Defendant*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2022, I electronically filed the foregoing true and accurate copy of **JOINT RULE 26(f) REPORT** with the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served the document to the following:

Theresa M. Sprain (NCSB No. 24540)
Scott D. Anderson (NCSB No. 49044)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: 919-755-2104
Facsimile: 919-744-6785
Theresa.Sprain@wbd-us.com
Scott.d.anderson@wbd-us.com

*Attorneys for Defendant*

*/s/ Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Charlotte Smith (NCSB No. 53616)
**THE LAW OFFICES OF GILDA A.
HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
csmith@gildahernandezlaw.com

*Attorneys for Plaintiff*

10