IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-585-D

OSVALDO FIGUEROA,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         )        O R D E R
                                 )
BUTTERBALL, LLC,                 )
                                 )
            Defendant.           )

This matter is before the court on Defendant's motion for a protective order, [DE-66], and

motion for sanctions, [DE-90], and Plaintiff's motion to extend Phase I discovery deadlines, [DE-

70], and motion to compel, [DE-73]. All responsive briefing is complete. For the reasons that

follow, Defendant's motion for protective order is allowed in part and denied in part, Plaintiff's

motion to extend deadlines is allowed, and Defendant's motion for sanctions and Plaintiff's motion

to compel are denied.

## I. Background

Plaintiff, a former employee who worked as a loader/catcher in Defendant's turkey

department, brought this action for unpaid minimum wages, unpaid overtime compensation,

liquidated damages, and all related penalties and damages under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq.*, for failing to pay Plaintiff promised straight-time

compensation, premium compensation, and all owed, earned, and/or promised wages, on his

regular pay date, in direct contravention of the North Carolina Wage and Hour Act ("NCWHA"),

N.C. Gen. Stat. § 95-25.1, *et seq.*, and for discrimination and wrongful termination in violation of

the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et. seq.*, and North

Carolina Public Policy. Compl. [DE-1]. In response to a motion to dismiss, Plaintiff filed a first amended complaint, on behalf of himself and all others similarly situated, asserting a collective action for violation of the Fair Labor Standards Act under § 216(b), and a representative action under the North Carolina Wage and Hour Act pursuant to Fed. R. Civ. P. 23. Am. Compl. [DE-13]. The amended complaint did not assert ADA or wrongful termination claims. *Id.* Thereafter, Plaintiff filed a notice of consent for Francisco Vasquez to join the suit as an opt-in plaintiff. [DE-16]. Defendant moved to dismiss Plaintiff's amended complaint and to strike Plaintiff's collective action and class action allegations, or in the alternative, for Plaintiff to provide a more definite statement. [DE-17]. The court dismissed Plaintiff's amended complaint without prejudice for failure to state claims under the FLSA and NCWHA and allowed Plaintiff to file an amended complaint. [DE-21].

Plaintiff filed a second amended complaint, on behalf of himself and all others similarly situated, again asserting a collective action for violation of the Fair Labor Standards Act under § 216(b), and a representative action under the North Carolina Wage and Hour Act pursuant to Fed. R. Civ. P. 23, Sec. Am. Compl. [DE-22], which Defendant moved to dismiss, [DE-25]. The court dismissed with prejudice Plaintiff's NCWHA claims and allowed Plaintiff to proceed with his FLSA claim after finding it "narrowly eke[d] across the plausibility line." [DE-32]. The court also declined to address the collective action allegations, noting that Plaintiff had yet to file a motion to certify a collective action. *Id.* at 18. Defendant then answered the second amended complaint. [DE-43].

On October 13, 2022, Plaintiff filed a motion to conditionally certify this matter as a collective action and for court-authorized notice to be issues under Section 216(b) of the FLSA, in which Plaintiff sought: (1) conditional certification of this action and for court-authorized notice

2

pursuant to § 216(b) of the FLSA; (2) approval of the proposed FLSA notice of this action and the consent form; (3) a production of names, last known mailing addresses, last-known cell phone numbers, email addresses, work locations, and dates of employment of all putative plaintiffs within 15 days of the Order; and (4) the ability to distribute the Notice and Opt-in Form via first class mail, email, text message, and a posting at Defendant's facilities to all putative plaintiffs of the conditionally certified collective, with a reminder mailing to be sent 45-days after the initial mailing to all non-responding putative plaintiffs. [DE-44]. The parties filed a joint notice stating that Defendant would not oppose Plaintiff's conditional certification motion, [DE-49], and the parties later agreed on the relevant time period for conditional certification purposes, the group definition and notice form, and the content and substance of the notice and opt-in form to be issued to the putative plaintiffs, [DE-53, -54]. On January 25, 2023, Plaintiff filed a consent motion to amend/correct the motion to certify. [DE-57]. The certification motions remain pending before the court.

On November 29, 2022, the court entered a Scheduling Order, which approved the parties' discovery plan and set relevant deadlines of March 31, 2023 to complete Phase I discovery and December 1, 2023 to complete phase II discovery. [DE-52]. The parties defined "Phase I discovery" to include, but were not limited to, Defendant's time-keeping practices, Defendant's pay practices, the steps taken, if any, to ensure that Plaintiff and any opt-in plaintiffs received all sums due and owing under the FLSA, whether Defendant acted in good faith, Defendant's willfulness or lack thereof, hours worked by Plaintiff and any opt-in plaintiffs, dates of employment worked by Plaintiff any opt-in plaintiffs, the nature of Plaintiff's and any opt-in plaintiffs job duties and work activities, any defenses raised by Defendant in its answer to the second amended complaint and any other defenses that may become applicable during discovery,

and all facts that may affect the claims of Plaintiff or any opt-in plaintiff or Defendant's defenses. [DE-51] at 2–3. The instant discovery motions were filed as a result of the parties' disagreement over whether putative plaintiff discovery is included in Phase I, the scope of Defendant's 30(b)(6) deposition, and Plaintiff and opt-in Plaintiff's failure to appear for deposition. [DE-66, -73, -90].

## II. Discussion

### 1. Motion for Protective Order [DE-66] and Motion to Compel [DE-73]

In the motion for protective order, Defendant asks the court to (1) prohibit discovery during Phase I into the merits of any claims held by putative plaintiffs who were not named or had not opted in; (2) strike topics from Plaintiff's Rule 30(b)(6) deposition notice that are disproportionate to the relevant issues, call for privileged information, or are not reasonably particular; and (3) limit the scope of the 30(b)(6) deposition to topics for which the representative is designated to testify. [DE-66]. In the motion to compel, Plaintiff asks the court to find Defendant improperly limited the scope of its discovery responses by failing to produce requested information for putative plaintiffs. [DE-73].

Rule 26 provides the general rule regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240

4

(E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

### a. Putative Plaintiff Discovery

Defendant contends that Plaintiff's Phase I discovery requests improperly define "Plaintiffs" to include putative plaintiffs prior to conditional certification and that Phase I discovery, as contemplated by the parties in the Rule 26(f) report, should be limited to the named Plaintiff and sole opt-in Plaintiff. Def.'s Mem. [DE-67] at 6–10. Plaintiff contends the information sought related to putative plaintiffs is relevant to determining the appropriate scope of a future opt-

5

in notice, to support a showing that putative plaintiffs are similarly situated, to gather information in preparation of the 30(b)(6) deposition, and to oppose Defendant's anticipated decertification motion. Pl.'s Resp. [DE-72] at 8–10; Pl.'s Mem. [DE-74] at 7–9.

The plaintiff's burden under the FLSA to demonstrate at the conditional certification stage that the potential plaintiffs are "similarly situated" has been described as "not particularly stringent," "not heavy," "a minimal showing," and "fairly lenient." *Williams v. XE Servs., LLC*, No. 2:09-CV-59-D, 2011 WL 52353, at *3 (E.D.N.C. Jan. 4, 2011) (citations omitted). Plaintiff has already filed a motion and amended motion for conditional certification, and the parties' discovery plan did not address a need for pre-certification discovery. The court has previously limited putative plaintiff discovery prior to conditional certification. *See Pontones v. San Jose Rest. Inc.*, No. 5:18-CV-219-D, 2019 WL 1548897, at *3 (E.D.N.C. Apr. 9, 2019) (denying motion to compel information to identify putative plaintiffs prior to conditional certification); *Velasquez-Monterrosa v. Mi Casita Restaurants*, No. 5:14-CV-448-BO, 2015 WL 1964400, at *8 (E.D.N.C. May 1, 2015) (denying plaintiff's motion to compel disclosure of contact information for putative plaintiffs/class members where plaintiff failed to demonstrate with particularity that it was necessary prior to determination of the certification motion); *Mondragon v. Scott Farms, Inc.*, 329 F.R.D. 533, 542 (E.D.N.C. 2019) (declining to order pre-certification discovery between the employer and putative plaintiffs prior to conditional certification), *objections overruled,* No. 5:17-CV-00356-FL, 2019 WL 489117 (E.D.N.C. Feb. 7, 2019). Furthermore, the motion for conditional certification asks the court to order production of names, last known mailing addresses, last-known cell phone numbers, email addresses, work locations, and dates of employment of all putative plaintiffs within 15 days of an order allowing conditional certification. [DE-44]. Finally, the parties' Rule 26(f) plan contemplates that Phase I discovery would include topics such as hours

6

worked, dates of employment, job duties and work activities, and facts affecting claims of "Plaintiff and any opt-in plaintiffs" rather than putative plaintiffs. [DE-51] at 2–3. Accordingly, the court will allow Defendants' motion for protective order and deny Plaintiff's motion to compel with respect to Phase I discovery related to putative plaintiffs.

### b. Rule 30(b)(6) Deposition Notice to Butterball

Defendant objects to the following topics in the Rule 30(b)(6) notice Plaintiff issued to Butterball: Topic 5 related to previous litigation, which Butterball contends seeks attorney-client or work product protected information; Topic 8 related to compensation practices applied to Plaintiff, opt-in Plaintiffs, and/or putative Plaintiffs, which Butterball contends prematurely seeks putative plaintiff discovery; and Topic 9 related to affirmative defenses, which Butterball contends is overly broad and not particularized. Def.'s Mem. [DE-67] at 10–12. Plaintiff contends that Topic 5 only seeks information regarding the effects of previous litigation on Defendants' pay practices and policies if any and is relevant to willfulness, Topic 8 is appropriate in seeking putative plaintiff discovery, and Topic 9 only seeks the factual basis for Defendant's affirmative defenses, which is appropriate. Pl.'s Resp. [DE-72] at 10–11.

Rule 30(b)(6) provides for a party to notice the deposition of an organization, and the notice "must describe with reasonable particularity the matters for examination." The organization "must designate one or more . . . persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* "The persons designated must testify about information known or reasonably available to the organization." *Id.*

Butterball objects to Topic 5, seeking information on the effects of previous litigation and investigations by government agencies on Defendant's payment of wages, on the grounds that it seeks attorney-client privileged or work product protected information. However, the court agrees

with Plaintiff that a question regarding the effects of prior litigation or investigations may not necessarily implicate protected information. The court declines to issue a blanket protective order as to Topic 5, but defense counsel may instruct the deponent not to answer a question that strays into privileged or protected information, consistent with Rule 30(c)(2).

As for Topic 8, related to variation between compensation practices applied to Plaintiff, opt-in Plaintiffs, and/or putative plaintiffs, a protective order is not warranted where the parties' Phase I discovery topics included "Defendant's pay practices." [DE-51] at 2.

Finally, Butterball's objection to Topic 9, that it is overly broad and not reasonably particularized in seeking the factual basis for Defendant's asserted affirmative defenses, is sustained. Although there is disagreement among courts on allowing parties to explore facts underlying legal claims and theories in a 30(b)(6) deposition, *St. John Haney v. Kavoukjian*, No. CV 2:19-2098-RMG, 2020 WL 12762509, at *3 (D.S.C. Aug. 3, 2020), contention interrogatories appear to be the favored method for seeking such information. *See Fish v. Air & Liquid Sys. Corp.*, No. CV GLR-16-496, 2017 WL 697663, at *20 (D. Md. Feb. 21, 2017) (citing *Wilson v. Lakner*, 228 F.R.D. 524, 529 n.8 (D. Md. 2005) ("the contentions, i.e. theories and legal positions, of an organizational party may be more suitably explored by way of interrogatories and the Court may properly order . . . that contentions only be inquired into in this fashion."); *BB & T Corp. v. United States*, 233 F.R.D. 447, 448 (M.D.N.C. 2006) ("The information BB & T seeks from the depositions is for the United States to identify the factual and legal bases for its denial of the 1997 tax deductions. As stated earlier, this type of request is usually made by serving contention interrogatories which are favored over contention depositions because, by their nature, contention discovery will usually require the assistance of a party's attorney."); *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255, 256 (M.D.N.C. 2010) ("granting defendants' motion for protective

order barring plaintiffs' 30(b)(6) depositions as to topics seeking testimony regarding the basis for all of defendants' defenses and counterclaims")). Accordingly, Butterball's request for a protective order is denied as to Topics 5 and 8 and granted as to Topic 9.

Finally, Butterball contends that Plaintiff's counsel stated during meet and confer efforts that she intended to ask questions of the 30(b)(6) deponents on topics for which they had not been designated and asks the court to enter a protective order limiting the deposition to noticed topics for which each deponent was designated. Def.'s Mem. [DE-67] at 12–14. Plaintiff asserts that the scope of the deposition is defined by the scope of discovery under Rule 26(b) rather than the scope of the deposition notice, which only sets the minimum on which a deponent must be prepared to testify. Pl.'s Resp. [DE-72] at 11–12.

The court finds Defendant has not demonstrated good cause for entry of a protective order. Rule 30(b)(6) requires that persons designated "testify about information known or reasonably available to the organization," and "[t]he testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents." *Mott v. Accenture, LLP*, No. 8:17-CV-00231-PX, 2019 WL 1934727, at *8 (D. Md. Apr. 29, 2019) (quoting *Weintraub v. Bd. of Cty. Comm'rs for St. Mary's Cty.*, No. DKC 2008-2669, 2009 WL 2366140, at *3 (D. Md. July 28, 2009)). The 30(b)(6) designee must be prepared to answer questions on behalf of Butterball. However, this obligation "extends only to the topics in the Rule 30(b)(6) notice of deposition," and "the organization cannot be penalized if the deponent does not know the answer" to questions outside the scope of the notice. *Id.* (quoting *E.E.O.C. v. Freeman*, 288 F.R.D. 92, 99 (D. Md. 2012)). Thus, if Plaintiff's counsel asks a question outside of the designated topics that Butterball's designated witness cannot answer, Plaintiff cannot later protest that the witness

9

was unprepared. To the extent the designee can answer a question on behalf of Butterball on an undesignated topic, the witness should do so.

### 2. Defendant's Motion for Sanctions [DE-90]

Defendant moves for sanctions based on the named Plaintiff's and opt-in Plaintiff's failure to appear at their depositions, which Butterball has noticed several times, but Plaintiff's counsel has failed to agree to the date and produce the witnesses for deposition. Def.'s Mem. [DE-92] at 10–13. Plaintiff contends that the failure to schedule the depositions was not in bad faith and there has been no prejudice to Defendant. Pl.'s Resp. [DE-102] at 10–12.

The court may sanction a party who fails to appear for his deposition after being served with proper notice, and sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3). "A district court has wide discretion under Rule 37(b)(2) . . . to impose sanctions for failure to comply with discovery orders." *Jackson v. Vance Cnty.*, No. 5:97-CV-103-BO, 1997 WL 906015, at *1 (E.D.N.C. Nov. 26, 1997) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richard & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989)); *King v. CMH Homes, Inc.*, 5:16-CV-693-D, 2017 WL 3037479, at *2 (E.D.N.C. June 21, 2017), *adopted*, 2017 3034269 (E.D.N.C. July 17, 2017). "[I]n 'determining what sanctions to impose under Rule 37,' a district court must consider four factors: '(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (citations omitted); *Doe v. Putney*, No. 3:18-CV-00586-RJC-DSC, 2022 WL 3335774, at *8 (W.D.N.C. Aug. 12, 2022). Further, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The court finds this is a scheduling dispute that does not warrant sanctions where there is no evidence of bad faith on the part of the Plaintiffs and no apparent prejudice to Defendants caused by the delay. Accordingly, the motion for sanctions is denied. However, the court orders counsel to confer and schedule these depositions to take place within thirty (30) days.

### 3. Plaintiff's Motion to Extend Phase I Discovery Deadlines [DE-70]

Plaintiff asks the court to extend the deadlines to conduct Phase I discovery, which expired on March 31, 2023, in light of the pending discovery motions. Pl.'s Mot. [DE-70]. Defendant does not oppose a thirty-day extension of the deadline. Def.'s Resp. [DE-71]. For good cause shown, the motion is allowed and the deadline to complete Phase I discovery is extended to **July 21, 2023**.

### III. Conclusion

For the reasons stated herein, Defendant's motion for protective order is allowed in part and denied in part, Plaintiff's motion to extend deadlines is allowed, and Defendant's motion for sanctions and Plaintiff's motion to compel are denied.

So ordered, this the 21st day of June, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge