IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-585-D

| | | |
|---|---|---|
| OSVALDO FIGUEROA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BUTTERBALL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

On October 13, 2022, Osvaldo Figueroa ("Figueroa" or "plaintiff") moved for conditional FLSA collective certification [D.E. 44], filed a memorandum in support [D.E. 45] and declaration [D.E. 45-1]. Butterball, LLC ("Butterball" or "defendant") does not oppose the motion for conditional FLSA collective certification [D.E. 49]. On December 2, 2022, the parties filed a joint status report on the motion [D.E. 53]. On December 7, 2022, the parties filed a notice explaining that they had agreed on the notice form and consent form and attaching joint drafts of the notice form and consent form necessary to move forward with conditional FLSA collective certification [D.E. 54].

On January 25, 2023, Figueroa moved to amend or correct the motion for conditional FLSA collective certification [D.E. 57] and filed a memorandum in support [D.E. 58]. Figueroa's amended pleading failed to comply with Local Civil Rule 15.1(a)(ii) and did not include a "form of the amended pleading that indicates in what respect it differs from the pleading that it amends by bracketing or striking through text to be deleted and underlining or highlighting text to be added." Local Civ. R. 15.1(a)(ii). On January 26, 2023, Butterball responded explaining that the motion was

not an "unopposed motion," as Figueroa stated. [D.E. 59] 2. Butterball argued that the court should rule on the pre-existing motion and deny the new motion as moot because the motion to amend was either a new motion for which Figueroa did not seek Butterball's approval or the motion is duplicative. See id.

The court has reviewed the parties' pleadings and filings under the relevant standards. See, e.g., Cameron-Grant v. Maxim Health Care Servs., Inc., 347 F.3d 1240, 1247–49 (11th Cir. 2003); Winks v. Va. Dep't. of Transp., No. 3:20-CV-420, 2021 WL 2482680, at *2 (E.D. Va. June 17, 2021) (citation omitted) (unpublished); Ceras-Campo v. WF P'ship, No. 5:10–CV–215, 2011 WL 588417, at *2 (E.D.N.C. Feb. 9, 2011) (unpublished); Purdham v. Fairfax Cnty. Pub. Schs., 629 F. Supp. 2d 544, 547 (E.D. Va. 2009) (citations omitted). Because Figueroa failed to comply with this court's local rules and because Butterball opposes the motion to amend or correct conditional FLSA collective certification, the court denies Figueroa's motion to amend or correct. Because, however, Butterball does not oppose the original motion for conditional FLSA collective certification, the court assumes without deciding that Figueroa meets the somewhat lenient notice standard for conditional certification of FLSA collectives and grants conditional certification under the FLSA. Whether Figueroa's conditional certification will survive a motion for decertification after discovery is an issue for another day.

The court has reviewed the proposed Notice Form and Consent Form attached as exhibits to the parties joint notice. See [D.E. 54-1] 3–6, 8–9. The court finds that the proposed Notice Form and Consent Form are clear and neutral and provide the best practicable notice to potential members of the collective. Figueroa seeks to distribute the Notice Form and Consent Form by mail and by email. The court finds that Figueroa's request is reasonable.

In sum, the court DENIES plaintiff's motion to amend or correct [D.E. 57], GRANTS plaintiff's motion for collective certification [D.E. 44], and APPROVES distribution of the Notice Form and Consent Form, attached to this order, by mail and email.

SO ORDERED. This 17 day of July, 2023.

JAMES C. DEVER III
United States District Judge

**PROPOSED NOTICE FORM AND CONSENT FORM ATTACHED BELOW**

| | | |
|---|---|---|
| OSVALDO FIGUEROA, et. al, *on behalf of themselves and all others similarly situated,* | Plaintiffs, | |
| v. | | **NOTICE OF PENDING LAWSUIT** |
| BUTTERBALL, LLC, | Defendant. | |

**TO:** **ALL INDIVIDUALS WHO WERE EMPLOYED BY DEFENDANT AND WORKED AS POULTRY LOADERS/CATCHERS CATCHING AND/OR LOADING DEFENDANT'S POULTRY, TO BE TRANSPORTED TO DEFENDANT'S MOUNT OLIVE, NORTH CAROLINA PLANT FOR PROCESSING, WHOSE EMPLOYMENT RECORDS REFLECT THAT THEY WORKED MORE THAN 40 HOURS IN A WEEK BETWEEN NOVEMBER 4, 2017, THROUGH THE DATE ON WHICH THE COURT ORDERS CONDITIONAL CERTIFICATION.**

**RE:** **WAGE AND HOUR LAWSUIT FILED AGAINST BUTTERBALL, LLC.**

## I. INTRODUCTION

The purpose of this notice is to:
1) Inform you that a lawsuit exists that you may join;
2) Advise you of how your rights may be affected by this lawsuit; and
3) Instruct you on the procedure for participating in this lawsuit, should you choose to do so.

## II. DESCRIPTION OF LAWSUIT

A lawsuit has been brought against Butterball, LLC. ("Butterball" or "defendant"). Named plaintiff, Osvaldo Figueroa ("Figueroa"), alleges that Butterball has violated the Fair Labor Standards Act ("FLSA") by failing to pay poultry Loaders/Catchers appropriate premium overtime rate for all hours worked in excess of 40 a week. Plaintiff seeks to recover appropriate compensation for overtime workweeks, liquidated damages in an equal amount, reasonable attorneys' fees and costs, and all other legal and equitable relief as the Court deems just and proper.

Butterball denies Mr. Figueroa's allegations and denies that it owes any employee any amount.

## III. COMPOSITION OF CLASS

Plaintiff seeks to sue on behalf of all individuals who were or have been employed by defendant after November 4, 2017, and who were required to perform Loader/Catcher-related duties, including separating and catching/loading poultry onto trucks, and whose pay records show inconsistencies with the requirements of the law regarding the payment of overtime wages.

## IV. YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

According to defendant's personnel records, you were employed by defendant in one or more of the positions included in this case during the relevant time period. Therefore, you may join in the FLSA claim raised in this lawsuit by completing and mailing, faxing, or emailing a signed copy of the enclosed Plaintiff Consent Form to plaintiff's counsel at the following address:

> The Law Offices of Gilda Hernandez, PLLC
> ATTN: Rachael Kreuz
> 1020 Southhill Drive, Suite 130
> Cary, NC 27513
> Tel: (919) 741-8693
> Fax: (919) 869-1853
> rkreuz@gildahernandezlaw.com

Your Consent Form must be submitted or postmarked by no later than **[ninety days from mailing]**. A first class self-addressed and stamped envelope is included for your convenience.

You may also submit a Consent Form online by visiting **[WEBSITEURL]**. Plaintiff's counsel will file with the court all Plaintiff Consent Forms that have been filled out, signed, and postmarked or submitted on or before **[ninety days from mailing]**.

If you file a Plaintiff Consent Form, your continued right to participate in the suit may depend upon a later decision by the court that you are an appropriate participant in accordance with federal law.

## V. EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join the lawsuit, you will be bound by any ruling, judgment or settlement, favorable or unfavorable. While the lawsuit is proceeding, you may be required to provide information or otherwise participate in the action.

If you choose to join this case by filing a Plaintiff Consent ("Opt-in") Form, you will be agreeing to representation by plaintiff's counsel. The specific terms and conditions of representation are set forth in Section VIII and in the Consent Form. If you do not join this action, you are free to take action on your own.

If you choose not to join the lawsuit, you will not be bound by any ruling, judgment or settlement entered in the case, favorable or unfavorable. You will not receive a share of any judgment or settlement obtained. If you choose not to join this lawsuit, you will retain any rights you may have under the FLSA.

## VI. STATUTE OF LIMITATIONS

Plaintiff's claims in this action are limited to a statute of limitations of up to three years. If you choose to join this action, you may be able to recover damages if you were improperly denied compensation only for time worked within the two or three years prior to the date you file your consent form. If you choose not to join this action, or choose to bring your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

## VII. NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, Butterball is specifically prohibited from discharging you or retaliating against you in any other manner, including, but not limited to, reducing your hours or limiting loads available to you, just because you choose to participate in this action.

## VIII. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join the lawsuit, your interests will be represented by plaintiff's counsel. Plaintiff's counsel are:

> Gilda A. Hernandez &
> Charlotte C. Smith
> The Law Offices of Gilda Hernandez, PLLC
> 1020 Southhill Drive, Suite 130
> Cary, NC 27513
> Tel: (919) 741-8693
> Fax: (919) 869-1853
> www.gildahernandezlaw.com

Plaintiff's counsel are being paid on a contingency basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class, or fees the court directs defendant to pay separately. Any payment of attorneys' fees will require approval of the court.

Plaintiff's counsel will advance necessary costs and out-of-pocket disbursements and expenses on your behalf in this litigation. In the event that necessary costs and out-of-pocket disbursements are not approved by the court to be reimbursed from any settlement or judgment, or paid by defendants, you will have no obligation to reimburse plaintiff's counsel for such costs.

## IX. FURTHER INFORMATION

Further information about the lawsuit or this notice may be obtained by contacting plaintiff's counsel at the address or phone number provided above or by visiting **[WEBSITEURL]**.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE JAMES C. DEVER III, UNITED STATES DISTRICT JUDGE. THE COURT TAKES NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES. DO NOT CONTACT THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____

                                                         JAMES C. DEVER III
                                                         United States District Judge

**United States District Court, Eastern District of North Carolina**
*Figueroa v. Butterball, LLC*, No. 5:20-CV-585-D

**CONSENT TO JOIN COLLECTIVE ACTION**
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of my employment as a Loader/Catcher in connection with the above-referenced lawsuit.

2. I was employed by Butterball, LLC as a _____. I worked at the branch located in _____ (City, State) from approximately _____ (month, year) to on or about _____ (month, year).

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the court or any settlement of this action.

4. I hereby designate The Law Offices of Gilda A. Hernandez, PLLC to represent me for all purposes in this action, and other lawyers they may choose to associate with.

5. I also designate the named plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with plaintiff's counsel, The Law Offices of Gilda A. Hernandez, PLLC (with the understanding that the Firm is being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees, pursuant to the named plaintiff's retainer agreement with the Law Offices of Gilda A. Hernandez, PLLC).

Signature: _____

Date: _____

Name: _____

**COMPLETE AND RETURN TO:**
THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC
ATTN: Rachael Kreuz
1020 Southhill Drive, Suite 130
Cary, NC 27513
www.gildahernandezlaw.com
rkreuz@gildahernandezlaw.com
**OR by visiting [WEBSITEURL]**

## Client Information Sheet
*For Attorney Only—Not to be filed with the court*

Name: _____

Address (Street, City/Town, State, Zip Code):

_____

Home Telephone: _____

Cell Phone: _____

Email Address: _____

Dates of Employment: _____

Job Title: _____

Pay Rate: _____


If you wish to join this case, you must complete this "Consent to Join" form and return it via U.S. Mail in the self-addressed stamped envelope to the following address:

The Law Offices of Gilda A. Hernandez, PPLC
1020 Southhill Dr., Ste. 130
Cary, NC 27513

This form must be postmarked no later than **[90 DAYS AFTER MAILING OF NOTICE]**. If you fail to return the Consent Form to plaintiff's counsel on or before the above deadline date, you may not be able to participate in this lawsuit. If you decide to join this lawsuit, plaintiff's counsel will keep you informed of the status of the case.