IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-585-D

| OSVALDO FIGUEROA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| BUTTERBALL, LLC, | ) | |
| Defendant. | ) | |

On July 27, 2022, the court granted in part and denied in part Butterball, LLC's ("Butterball" or "defendant") motion to dismiss Osvaldo Figueroa's ("Figueroa" or "plaintiff") second amended complaint [D.E. 32]. On April 20, 2023, Figueroa moved for reconsideration [D.E. 87] and filed a memorandum in support [D.E. 88]. On May 11, 2023, Butterball responded in opposition [D.E. 97]. On May 22, 2023, Figueroa replied [D.E. 104].

For the third time, Figueroa attempts to reinstate his proposed North Carolina Wage and Hour Act claims. See [D.E. 22, 35]. "[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see Fed. R. Civ. P. 54(b). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of final judgment," but are "committed to the discretion of the district court." Am. Canoe Ass'n, 326 F.3d at 514–15. The court sees no reason to reconsider its ruling concerning Figueroa's purported claims under the North Carolina Wage and Hour Act. Moreover, Figueroa's motion also fails to comply with Federal Rules

of Civil Procedure 15 and 16. See Attkisson v. Holder, 925 F.3d 606, 625–26 (4th Cir. 2019); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298–99 (4th Cir. 2008); Col. Bankers Life Ins. Co. v. Academy Fin. Assets, LLC, No. 5:20-CV-474, 2023 WL 3931512, at *2–3 (E.D.N.C. Apr. 24, 2023) (unpublished); Opsitnick v. Crumpler, No. 5:13-CV-835, 2015 WL 12860285, at *2 (E.D.N.C. Oct. 19, 2015) (unpublished); Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105, 2011 WL 4527382, at *8 (E.D.N.C. Sept. 28, 2011) (unpublished); see also Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).

In sum, plaintiff's motion for reconsideration [D.E. 87] lacks merit and is DENIED.

SO ORDERED. This 17 day of July, 2023.

JAMES C. DEVER III
United States District Judge