IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-585-D

| | | |
|---|---|---|
| OSVALDO FIGUEROA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BUTTERBALL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

On April 10, 2023, Figueroa moved for equitable tolling [D.E. 85] and filed a memorandum in support [D.E. 86]. On April 28, 2023, Butterball responded in opposition [D.E. 89]. On May 19, 2023, Figueroa replied [D.E. 101].

A court may equitably toll a statute of limitations when: (1) a party did not file a claim during the statutory limitations period due to her adversary's misconduct; or (2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002) (quotation omitted); see Holland v. Florida, 560 U.S. 631, 649 (2010); Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990); CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476–77 (4th Cir. 2015); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Figueroa argues that the court's "delays in rulings on [Butterball's] several motions to dismiss" in this case constitute exceptional circumstances beyond Figueroa's control and warrant equitably tolling the Fair Labor Standards Act's, 29 U.S.C. §§ 201, et seq. ("FLSA") statute of limitations. [D.E. 86] 6. Figueroa asserts that equitable tolling should begin on November 4, 2020

(i.e., the date on which Figueroa filed his original complaint) or, in the alternative, January 20, 2021 (i.e., the date Figueroa filed his first amended complaint). See [D.E. 85] 1; but see [D.E. 86] 6 (requesting the court to equitably toll the FLSA statute of limitations until "the date [that Figueroa] filed his first amended complaint, October 4, 2021," but October 4, 2021, is actually the date that Figueroa filed his second amended complaint).

As for extraordinary circumstances, a plaintiff must show that he has "in some extraordinary way been prevented from asserting his . . . rights" by factors "external to the party's own conduct." Wynne, 792 F.3d at 477–78 (quotations omitted); see Harris, 209 F.3d at 330. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Chao, 291 F.3d at 283 (quotation omitted); see Harris, 209 F.3d at 330.

The court rejects Figueroa's arguments. Assuming without deciding that the delays Figueroa complains about were not attributable to him, Figueroa fails to show that such delays were "extraordinary." Harris, 209 F.3d at 330. To the contrary, this court timely addressed Figueroa's and Butterball's various motions. Moreover, Figueroa fails to identify the class of plaintiffs that would be eligible for the relief he seeks. See [D.E. 86]; [D.E. 89] 8–9. Figueroa has failed to demonstrate extraordinary circumstances to warrant equitable tolling. See Wynne, 792 F.3d at 477–78; Chao, 291 F.3d at 283; Harris, 209 F.3d at 330. Figueroa may, however, raise the issue of equitable tolling again on a more fully developed record. At this time, the opt-in plaintiffs would not benefit from equitable tolling. Accordingly, the court denies Figueroa's motion to equitably toll the statute of limitations for his FLSA claim.

In sum, the court DENIES plaintiff's motion for equitable tolling [D.E. 85].

2

SO ORDERED. This 10 day of January, 2024.

／s／ James C. Dever  
JAMES C. DEVER III  
United States District Judge