IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-585-D

| | | |
|---|---|---|
| OSVALDO FIGUEROA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BUTTERBALL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's motion to extend Phase II discovery and dispositive motions deadlines, [DE-130]; Defendant's motion to extend the discovery deadline for conducting opt-in plaintiff depositions, [DE-144]; Plaintiff's motion to compel, [DE-146]; and Plaintiff's motion to strike, [DE-155]. The motions are fully briefed and ripe for decision. For the reasons that follow, the motions are denied.

### A. Extension Motions [DE-130, -144]

The parties filed their respective dispositive motions in this matter on January 19, 2024. [DE-161, -165]. Accordingly, the motions to extend the discovery and motions deadlines, [DE-130, -144], are denied as moot.

### B. Plaintiff's Motion to Compel [DE-146]

Plaintiff filed a motion to compel seeking complete responses to RFP Nos. 2, 3, and 6, including but not limited to raw data for payroll SAP, Timekeeping; a list of individuals employed by Defendant who load/catch turkeys, including at the Goldsboro and Raeford, NC locations, from 2017 to the present; and sanctions. [DE-146]. Defendant filed a response in opposition supported by three declarations. [DE-151 to -154]. Plaintiff then filed a motion to strike the three

declarations with a supplemental exhibit in support, [DE-155, -158], and Defendant filed a response in opposition, [DE-157].

Rule 26 provides the general rule regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Prasad v. Nallapati*, 597 F. Supp. 3d 842, 846 (E.D.N.C. 2022); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Prasad*, 597 F. Supp. 3d at 846 (quoting *Mainstreet Collection*, 270 F.R.D. at 240).

### 1. Additional Plaintiffs

The court granted Plaintiff's motion for collective certification and approved notice to the following potential members of the collective:

> ALL INDIVIDUALS WHO WERE EMPLOYED BY DEFENDANT AND WORKED AS POULTRY LOADERS/CATCHERS CATCHING AND/OR LOADING DEFENDANT'S POULTRY, TO BE TRANSPORTED TO DEFENDANT'S MOUNT OLIVE, NORTH CAROLINA PLANT FOR PROCESSING, WHOSE EMPLOYMENT RECORDS REFLECT THAT THEY WORKED MORE THAN 40 HOURS IN A WEEK BETWEEN NOVEMBER 4, 2017 THROUGH JULY 17, 2023.

[DE-119] at 5. Plaintiff believes that Defendant did not produce a complete list of all potential collective members based on the November 9, 2023 deposition testimony of Butterball's Vice President of Human Resources, Ron Tomaszewski, stating that he believed there were some loaders and catchers that worked for Butterball North, [DE-147-2] at 101:20–25, and that the Raeford Farms loaders and catchers were paid hourly, *id.* at 134:7–10 . Pl.'s Mem. [DE-147] at 6–8. Defendant responded that drivers are not within the collective action definition, Raeford employees were not responsible for loading poultry to be transported for processing, and there are no responsive employees from Goldsboro. Def.'s Resp. [DE-151] at 2–5.

3

First, the court agrees that to the extent Plaintiff seeks to include drivers in the list of potential collective members, they are not within the definition, which is limited to individuals who "worked as poultry loaders/catchers and/or loading Defendant's poultry." [DE-119] at 5. Plaintiff pointed to no deposition testimony or other evidence indicating drivers also performed loading or catching, whereas Defendant has cited deposition testimony indicating that "all [the truck drivers] did was drive trucks." [DE-88-5] at 48:16–22. The supplemental exhibit of Opt-in Plaintiff Juan Lazo Umana does not change this result. [DE-158]. Umana testified that he drove a van to take workers to the workplace prior to starting their shift loading turkeys, [DE-158-1] at 15:1–11, not that he was "truck driver" who would also catch and/or load. Accordingly, because drivers do not fit within the collective action definition of potential members, there is no good cause to order a list of their names be produced.

Second, the court agrees that the Raeford employees are not within the definition because they do not catch or load poultry "to be transported to Defendant's Mount Olive, North Carolina plant for processing." [DE-119] at 5. Tomaszewski testified, in a lengthy exchange with Plaintiff's counsel, that there were no catchers and loaders at the Raeford location because Raeford is a hatchery from which the birds went to a brooder farm rather than being transported for slaughter at the Mt. Olive plant, and that employees at Raeford were performing a "different job" than loading birds to go to the plant. [DE-147-2] at 44:7–52:18. Nothing in Tomaszewski's testimony cited by Plaintiff indicates that Raeford employees catch or load poultry "to be transported to Defendant's Mount Olive, North Carolina plant for processing," and thus, there is no good cause to order a list of their names be produced where they are outside the collective definition. Again, Umana's deposition testimony that he sometimes worked in Goldsboro does not change the result

4

because that poultry was not transported to the Mount Olive plant for processing. *See* Umana Dep. [DE-158]-1 at 17:7–14.

Finally, while Tomaszewski stated that he *believed* there were some loaders and catchers that worked in Goldsboro or Butterball North, [DE-147-2] at 101:20–25, he also stated that he had no idea how many but could run a report to find out, *id.* at 102:1–2, 116:23–118:17. Tomaszewski ran the report and found that the only catchers or loaders were in the Clinton area and none was in Goldsboro, Tomaszewski Decl. [DE-153] ¶¶ 5–6, which does not contradict his earlier equivocal deposition testimony. The court cannot order the production of names that do not exist.

### 2. Raw Payroll Data

Plaintiff contends Defendant failed to produce all documents related to payroll records and systems, including but not limited to, raw data records for SAP, check registers, Excel sheets produced by live ops management, and Kronos timekeeping data. Pl.'s Mem. [DE-147] at 9–12. Defendant contends that it complied with its obligations under the discovery rules and Plaintiff failed to timely raise the perceived production deficiencies. Def.'s Mem. [DE-151] at 5–10.

With respect to check registers, despite Defendant's contention that Plaintiff failed to request this information prior to filing the motion to compel, Defendant has produced this data to Plaintiff, mooting the motion as to that information.

As for the remaining information, the court agrees with Defendant that the motion is untimely. Plaintiff indicates that this request was included in an earlier motion to compel, [DE-73], and that the court failed to address it in its June 21, 2023 order, [DE-105]. The court disagrees that it failed to address the issue, where Plaintiff's asserted deficiency was the failure to produce payroll and systems records "for putative plaintiffs/class members," Pl.'s Mem. [DE-74] at 9, and the court ruled that discovery as to putative plaintiffs was premature, [DE-105] at 5–6. In any

5

event, Plaintiff's delay of five months to raise the perceived deficiency renders review at this point untimely. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to" within the 14-day objection window).

### 3. Sanctions

Sanctions under Fed. R. Civ. P. 37 are not warranted where Plaintiff's motion to compel is denied.

### C. Plaintiff's Motion to Strike [DE-155]

Plaintiff moves to strike the declarations filed in support of Defendant's response in opposition to Plaintiff's motion to compel, asserting that the declarations contradict previous deposition testimony of the declarants. [DE-156] at 4. The court for the most part did not rely on the declarations in ruling on the motion to compel with the exception of a narrow portion of Tomaszewski's declaration, specifically his statement that he ran a report and found that the only catchers or loaders were in the Clinton area, and none were in Goldsboro. Tomaszewski Decl. [DE-153] ¶¶ 5–6. However, this statement does not contradict his earlier equivocal deposition testimony that he *believed* there were some loaders and catchers that worked in Goldsboro or Butterball North, [DE-147-2] at 101:20–25, and that he could run a report to find out, *id.* at 102:1–2, 116:23–118:17. Accordingly, the motion to strike is denied.

So ordered, this the 22nd day of April, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge